UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GREGORY TOWNSEND,

    Plaintiff,

    v.     CAUSE NO. 3:21-CV-106-RLM-MGG

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Gregory Townsend was incarcerated at Indiana State Prison when he filed a complaint, but he has since been released. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). A court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Mr. Townsend alleges that, between 4:05 a.m. and 4:10 a.m. on June 25, 2020, Sgt. J. Stone and five other custody officers stopped him and three other African American inmates on Main Street, South of Tower 11. Sgt. Stone indicated that he wanted to pat search Mr. Townsend. Mr. Townsend asked that Sgt. Stone follow the Indiana Department of Correction's procedure and conduct the search inside of check point two and log the names of each offender that was searched. An unknown officer

in Tower 11 then indicated over the radio that Sgt. Stone and the other officers should move to the West side of Main Street. A gunman in Tower 11 then aimed a loaded AR-15 assault rifle at the inmates, even though there was no threat to the facility, staff, or offenders. Sgt. Stone and the other custody officers refused to tell the gunman to put the gun down.

Mr. Townsend sued Sgt. Stone, but the decision to search Mr. Townsend doesn't violate the Constitution. As an inmate, Mr. Townsend is subject to reasonable searches, and the facts in the complaint don't support an inference that the pat search was unreasonable. *See* Henry v. Hulett, 969 F.3d 769, 779 (7th Cir. 2020) ("We therefore join every other circuit to have addressed the question and hold that the Fourth Amendment protects (in a severely limited way) an inmate's right to bodily privacy during visual inspections, subject to reasonable intrusions that the realities of incarceration often demand."). The location of the search may have violated IDOC policy, but a policy violation does not amount to a constitutional violation. Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). These allegations don't state a claim on which relief can be granted.

Mr. Townsend also alleges that Sgt. Martin should have intervened when the gun was aimed at him. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. Miller v. Smith, 220 F.3d 491, 495

2

(7th Cir.2000) (citing Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009). This gunman pointed his weapon at a group of inmates, but didn't deploy the weapon. Mr. Townsend hasn't pleaded facts from which it can be plausibly inferred that the gunman's aiming of his weapon at inmates was malicious or sadistic. With no basis to find that the gunman used excessive force, Sgt. Stone cannot be liable for failing to intervene in an excessive use of force. Therefore, these allegations don't state a claim on which relief can be granted.

Mr. Townsend also sued Joshua Wallen, I. Randolph, Warden Ron Neal, and Executive Assistant Mark Newkirk because he was unhappy with the way they addressed his grievances about this incident. Mr. Townsend has no constitutional right to access the grievance process. *See* Grieveson v. Anderson, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Furthermore, the complaint doesn't allege that Joshua Wallen, I. Randolph, Warden Ron Neal, or Executive Assistant Mark Newkirk were personally involved in the incident. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore, Mr.

Townsend can't proceed against Joshua Wallen, I. Randolph, Warden Ron Neal, or Executive Assistant Mark Newkirk.

Mr. Townsend named the Internal Investigations Department as a defendant. The Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal court. Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. MCI Telecommunications Corp. v. Ill. Commerce Comm'n, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply here.

Finally, Mr. Townsend named the unknown gunman in Towel 11 and the unknown officers present on Main Street during the incident as defendants. He also names unnamed Internal Investigations Investigators. Mr. Townsend can't proceed against unknown defendants. *See* Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997)("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

This complaint doesn't state a claim for which relief can be granted. If after reviewing this court's order, Mr. Townsend believes that he can amend his complaint to include additional facts that could state a claim, he may do so. "The usual standard

4

in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, Mr. Townsend needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Gregory Townsend until **August 3, 2021**, to file an amended complaint; and

(2) CAUTIONS Gregory Townsend if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on June 30, 2021.

                                                    s/ Robert L. Miller, Jr.
                                                  JUDGE
                                                  UNITED STATES DISTRICT COURT